IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK,
NATIONAL TRUST COMPANY

      Plaintiff,                        No. CIV S-11-3280 JAM DAD PS

  vs.

STACEY J GRIFFITH, et al.,          FINDINGS AND RECOMMENDATIONS

      Defendants.
_____/

      By Notice of Removal filed December 12, 2011, this unlawful detainer action has been removed from San Joaquin County Superior Court by defendants Stacey Griffith and Daniel Griffith, both of whom are proceeding pro se. The matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

      Defendants' Notice of Removal is signed only by defendant Stacey Griffith, and defendant Stacey Griffith is the only defendant who has filed an application to proceed in forma pauperis. Defendants are advised that one party proceeding pro se may not represent any other party proceeding pro se. See Local Rule 183. Thus, each document submitted for filing by defendants must bear the signatures of all defendants. In the absence of the signature of defendant Daniel Griffith, the attempted removal is tantamount to a notice of removal filed solely by defendant Stacey Griffith.

1

1  Moreover, it is well established that the statutes governing removal jurisdiction
2 must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062,
3 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).
4 See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of
5 Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction
6 must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v.
7 Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction
8 falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930,
9 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See
10 also Provincial Gov't of Martinduque, 582 F.3d at 1087. Moreover, "the existence of federal
11 jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
12 those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
13 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject
14 matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

15  Here, defendants contend that this is a civil action over which the federal court
16 has original jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 2.) Defendants' assertion
17 of jurisdiction based on diversity of citizenship is without merit because removal on such a
18 ground is not permitted if any defendant in the action is a citizen of the state in which the action
19 is brought. See 28 U.S.C. § 1441(b) (providing that civil actions not removed on the basis of
20 federal question "shall be removable only if none of the parties in interest properly joined and
21 served as defendants is a citizen of the State in which such action is brought"). It is evident that
22 both of the defendants in this action are citizens of the State of California, which is the state in
23 which this action was brought. Accordingly, the defendants have improperly removed plaintiff's
24 unlawful detainer action on the basis of diversity jurisdiction.

25  Defendants' notice of removal also cites, without discussion, "Federal Question"
26 jurisdiction pursuant to 28 U.S.C. § 1331 as a basis of jurisdiction. (Doc. No. 1 at 1.) It is

evident however from a reading of plaintiff's complaint that plaintiff's action is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and is based wholly on California law.  As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. § 1441(b).

The court finds that defendants have failed to meet their burden of establishing any basis for federal jurisdiction over this action.

Accordingly, IT IS RECOMMENDED that:

1. Defendant Stacey Griffith's December 12, 2011 application to proceed in forma pauperis (Doc. No. 2) be denied;

2. This action be summarily remanded to the Superior Court of California, County of San Joaquin; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: December 23, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\deutschebank-griffith3280.ifpden.f&r.remand.ud